# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3322
LT Case No. 2023-CF-001538-A

_____

STATE OF FLORIDA,

    Appellant,

    v.

KA'MARI SHANE HANBERRY,

    Appellee.

_____

On appeal from the Circuit Court for Lake County.
Heidi Davis, Judge.

Ashley Moody, Attorney General, Tallahassee, and Tabitha Mills, Assistant Attorney General, Daytona Beach, for Appellant.

Matthew J. Metz, Public Defender, and Joseph Chloupek, Assistant Public Defender, Daytona Beach, for Appellee.

July 26, 2024

SOUD, J.

The State of Florida appeals the trial court's withholding adjudication of guilt for Appellee Ka'Mari Hanberry's crime of fleeing or attempting to elude law enforcement. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.140(c)(1)(L).

Hanberry was charged with fleeing or attempting to elude law enforcement, a third-degree felony violative of section 316.1935(2), Florida Statutes (2023). Hanberry ultimately entered an open plea to the court on this charge. The trial court, over the State's objection, withheld adjudication of guilt and placed Hanberry on probation.[*] This appeal followed.

The State, as it did below, argues that withholding adjudication of guilt on the fleeing charge brought under section 316.1935 constitutes an illegal sentence because withholding adjudication is expressly prohibited by that statute. Hanberry's appellate counsel, as an officer of the court, commendably—and rightly—concedes the trial court erred in withholding adjudication.

Section 316.1935 sets forth the crime of fleeing or attempting to elude law enforcement officers, as well as the circumstances in which a charged defendant is exposed to an aggravated sentence therefor. *See* § 316.1935(1)–(4), Fla. Stat. Pertinent here, section 316.1935(6), provides in part, "Notwithstanding s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of this section." § 316.1935(6), Fla. Stat.

Thus, as the statute plainly requires, Florida trial courts are without legal prerogative to withhold adjudication of guilt when a defendant pleas to or is found guilty of fleeing or attempting to elude law enforcement under section 316.1935. *See State v. Teague*, 275 So. 3d 828, 829 (Fla. 5th DCA 2019); *see also State v. Culver*, 63 So. 3d 891 (Fla. 5th DCA 2011)).

Accordingly, we REVERSE the judgment and sentence entered below and REMAND for further proceedings consistent with this opinion.

It is so ordered.

---

[*] The State did not oppose a probationary sentence, though the State's recommended probationary sentence varied somewhat from that imposed by the trial court.

BOATWRIGHT and KILBANE, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――